1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUSAN A. CRABTREE,

           Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

           Defendant.

CASE NO. 3:15-cv-05578 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 7). This matter has been fully briefed (*see* Dkt. 14, 15, 16).

After considering and reviewing the record, the Court concludes the case should be reversed and remanded for further proceedings. The ALJ's conclusion that the psychological opinions were fundamentally unreliable stems from an unsubstantiated

ORDER ON PLAINTIFF'S COMPLAINT - 1

inference that plaintiff continued to use drugs. The rejection of the examining psychologists' opinions on this unsubstantiated inference was, therefore, erroneous.

## BACKGROUND

Plaintiff, SUSAN A. CRABTREE, was born in 1975 and was 34 years old on the alleged date of disability onset of February 15, 2010 (*see* AR. 257-63, 264-72). Plaintiff completed the tenth grade in high school (AR. 62). Plaintiff has work experience as a secretary, telephone tech at a call center, assistant in a nursing home, and receptionist (AR. 298-309). Plaintiff last worked as a ward secretary at a hospital (AR. 62). Plaintiff provides various reasons for her firing from this job (AR. 33-34, 62, 411).

According to the ALJ, plaintiff has at least the severe impairments of "polysubstance addiction/abuse; post-traumatic stress disorder; depression/bipolar disorder; borderline personality traits; right wrist ganglion cyst/right wrist neuritis; scoliosis; headaches/extensive dental decay secondary to methamphetamine abuse; and tobacco abuse (20 CFR 404.1520(c) and 416.920(c))" (AR. 29).

At the time of the hearing, plaintiff was living in an apartment with her boyfriend (AR. 58, 61).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 96-108, 109-121, 124-40, 141-57). Plaintiff's requested hearing was held before Administrative Law Judge Michael Gilbert ("the

ALJ") on May 21, 2013 (*see* AR. 54-93). On February 14, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 24-53).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ provided sufficient reasons to reject the opinion of Dr. Wheeler; (2) Whether the ALJ provided sufficient reasons to reject the opinion of Dr. Parker; (3) Whether the ALJ provided sufficient reasons to reject the opinion of Dr. Kreuger; (4) Whether the ALJ provided sufficient reasons to discredit plaintiff; and (5) Whether given these errors the RFC and hypothetical questions were complete such that substantial evidence support the step five findings (*see* Dkt. 14, p. 1). Due to errors in the ALJ's decision requiring remand, not all of the issues will be discussed below.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

Plaintiff has diagnosed bipolar disorder and major depression or PTSD (AR. 408, 429, 562). She also has a history of drug use and drug related crime, and completed outpatient rehabilitation between September 2010 and December 2010. (AR. 408, 447, 469, 561, 649-726). The ALJ concluded that the psychological opinions of record were

based on a "false premise" due to plaintiff's inconsistent reporting about her drug use and sobriety (AR. 40). The ALJ stated,

> The repeated inconsistent statements about sobriety/clean dates undermine the various diagnoses and opinions in the record. Obviously, the practitioner that does not have objective evidence, such as a series of clean urine testing over a known period of time, is at an extreme disadvantage. The reliance upon the statements of the claimant about symptoms or sobriety, given the entirely [sic] of the evidence in this case, is not justified. Yet, the practitioners have little else at their disposal. It is, therefore, not difficult to understand why they provide their various diagnoses and GAF scores. Implicit in each of them is this: Since the claimant says she is clean, these symptoms and manifestations must be from a source other than drugs and alcohol. It is this premise that is false. Since the premise upon which their opinions rest is without grounding, so too, are their ultimate opinions. Moreover, if the claimant provides false information as material to the diagnostic criteria as substance abuse history, there is clear and convincing likelihood that the claimant's other diagnostic symptom statements are also suspect. These credibility findings are independent of any evaluation of materiality in the case. They come *before* any such finding (AR. 40-41).

In this portion of his decision, the ALJ clearly expressed doubt as to the entirety of the psychological opinions in light of plaintiff's inconsistent drug history reporting. However, this blanket statement ignores the critical fact that the record includes very little evidence of any drug use after plaintiff's alleged onset date.  It is the ALJ who is relying on the false premise that plaintiff must be using drugs unless she can prove she isn't through urine samples.  The ALJ noted that after treatment. ". . .  claimant failed to admit to any substance abuse in the prior twelve months. . . . However, an ALJ may 'draw inferences logically flowing from the evidence.' *Sample v. Schweiker,* 694 F.2d 639 (9th Cir. 1999) (other citations omitted)" (AR. 34).  Thus, the ALJ assumed subsequent drug use, and fashioned the balance of his ruling on this premise.

1 | The ALJ is correct in that he may "draw inferences logically flowing from the
2 | evidence." *Sample, supra*, 694 F.2d at 642 (*citing Beane v. Richardson*, 457 F.2d 758
3 | (9th Cir. 1972). However, the inference in this case—that plaintiff continued to use
4 | drugs—does not flow from the evidence in the record.  Contradicted medical opinions by
5 | an examining doctor can be rejected "for specific and legitimate reasons that are
6 | supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31
7 | (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v.*
8 | *Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).  Here, evidentiary support for the ALJ's
9 | conclusion is non-existent. All the psychological opinions in this case find plaintiff in
10 | some stage of drug abuse remission (AR. 408, 429, 562, 565). Indeed, the ALJ
11 | acknowledges the record "does not include conclusive evidence of opioid or
12 | methamphetamine abuse" after completing outpatient chemical dependency services in
13 | December 2010 (AR. 34).  And, the October 2010 positive urinalysis, cited by the ALJ as
14 | evidence of plaintiff's last known drug usage and her equivocal sobriety, was considered
15 | "inconclusive" by the chemical dependency program (AR. 694, 698).
16 |
17 | While the record has shown inconsistent reporting of drug use (*see* AR. 408, 447,
18 | 469, 561, 565, 655, 836), no evidence definitively shows continued dependency that
19 | would impact the psychological opinions of the experts. Without evidence from which to
20 | draw inferences, the ALJ's premise of plaintiff's continued drug use is not supported by
21 | substantial evidence in the record. This unsupported assumed fact leads to speculation
22 | that plaintiff's drug use, rather than her mental health impairments, was the cause of
23 | reduced performance during the psychological examinations.  However, an ALJ may not

speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22. Because the record is devoid of evidence of ongoing drug use, the ALJ's conclusion that the psychological opinions were fundamentally unreliable is not based on substantial evidence in the record.

The ALJ also erred specifically with respect to Dr. Kimberly Wheeler's opinion. Kimberly Wheeler, Ph.D. conducted a psychological evaluation of plaintiff on August 5, 2010 (AR. 406-17). She diagnosed Bipolar I, depression "and sinking fast," methamphetamine dependence in early remission (AR. 408). She observed plaintiff as tearful and distraught with low self-esteem (AR. 407). Plaintiff was disheveled, dysphoric, anxious, labile, and self-deprecating (AR. 412). Plaintiff cried and averted her eyes for half of the appointment (AR. 412). During cognitive testing, Dr. Wheeler observed slow, effortful concentration (AR. 412). Plaintiff's attention was derailed by her emotions (AR. 412). She made errors in serial 7's and was unable to spell world backward, but was unaware of her mistakes (AR. 412). In further testing, she scored in the severe range on the Beck Depression Inventory II (AR. 411).

As a result of this evaluation, Dr. Wheeler assessed marked limitations in plaintiff's ability to respond appropriately and tolerate the pressures and expectations of a normal work setting because she was "lacking usual resilience to handle pressures of everyday work" (AR. 409). Dr. Wheeler also assessed moderate impairment in plaintiff's ability to maintain appropriate behavior with the public or co-workers (AR. 409). The ALJ gave little weight to this opinion because: (1) Dr. Wheeler did not review records and, therefore, relied heavily on plaintiff's subjective complaints of dubious credibility; (2) at the time of the evaluation plaintiff was performing twenty hours of community

service over four days each week suggesting her ability to respond appropriately to the pressures of a normal work environment; and (3) the objective findings from the mental status exam are inconsistent with the opinion (AR. 42).

The ALJ erred by rejecting Dr. Wheeler's assessment as based on plaintiff's self-reports because she did not review plaintiff's prior records.  Regardless of whether Dr. Wheeler reviewed records, this reasoning is inapposite.  Dr. Wheeler made her own observations and conducted a mental status examination (AR. 407, 412).  "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Therefore, the ALJ's suggestion that Dr. Wheeler necessarily relied heavily on plaintiff's subjective complaints to arrive at her conclusions is inaccurate and does not support rejection of the opinion.

Additionally, the ALJ noted plaintiff's participation in volunteer work four days a week (AR. 42). Plaintiff performed community service organizing an office two days a week for six hours and two days a week for four hours (AR. 408). The ALJ found "[t]his activity strongly suggests the claimant is able to respond appropriately to the pressures of a normal work setting" (AR. 42).

However, this conclusion is not supported by substantial evidence.  This community service was Court-mandated due to drug possession and theft charges (AR. 663).  Plaintiff was required to complete this community service, regardless of her mental health, or face legal consequences.  Plaintiff only worked twenty hours per week (AR. 42, 408), which does not equate to full-time, competitive employment as contemplated by the

social security regulation. SSR 96-8p. Furthermore, the record contains no information on plaintiff's behavior during completion of the community service, including her ability to perform assigned tasks, maintain appropriate behavior, or tolerate stress (AR 408, 663). The ALJ's conclusion that plaintiff's Court ordered community service demonstrates her ability to respond appropriately in a work place environment was not supported by substantial evidence in the record and cannot serve as a basis to reject Dr. Wheeler's opinion.

Finally, the ALJ found Dr. Wheeler's opinion inconsistent with the objective evidence. "Dr. Wheeler noted the claimant was alert, cooperative, and had normal thought processes; these objective findings are inconsistent with her opinion regarding maintenance of appropriate behavior" (AR. 42). To reach this conclusion, the ALJ engaged in impermissible cherry-picking of the objective evidence. *See Ghanim*, 763 F.3d at 1164 ("the ALJ improperly cherry-picked some of [the doctor's] characterizations of [the claimant's] rapport and demeanor instead of considering these factors in the context of [the doctor's] diagnoses and observations of impairment") (citations omitted). While Dr. Wheeler did report these positive results, she also noted plaintiff was disheveled and crying, had her eyes averted for half of the appointment, and showed dysphoric and anxious mood and labile affect (AR. 412). Consideration of these additional observations suggests plaintiff might have difficulty maintaining appropriate behavior in the work place. Therefore, the ALJ's selective examples of normal functioning do not provide the substantial evidence needed to reject Dr. Wheeler's opinion.

The Commissioner asserts that the ALJ's treatment of Dr. Wheeler's opinion was appropriate given plaintiff's improvement and stabilization with treatment. Dkt. 15, at 9. However, the ALJ did not mention plaintiff's improvement in his analysis of Dr. Wheeler's evidence (AR. 42). This *post hoc* rationalization cannot support rejection of Dr. Wheeler's opinion. *See Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196).

Because none of the reasons are supported by substantial evidence, the ALJ's rejection of Dr. Wheeler's opinion was error.   In addition, the Court notes the ALJ also erred by failing to credit fully the opinion of James Parker, Ph.D. for similar reasons. For example, the ALJ also improperly rejected Dr. Parker's opinion due to reliance on plaintiff's subjective complaints despite the objective mental status testing during his evaluation. The ALJ also noted unremarkable mental status findings where the record showed depressed and anxious mood, with impaired memory and judgment (AR. 42, 561-62).

While the ALJ erred in the evaluation these medical opinions, the Court will not reverse a decision by an ALJ in which the errors are harmless and do not affect the ultimate decision on disability. *See Molina v. Astrue*, 674 F.3d 1104, 1117-22 (9th Cir. 2012).   The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Id*. at 1115 (*citing Stout v. Commissioner*, *Social Security*

*Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 2015 U.S. App. LEXIS 11920 at *7-*8 (9th Cir. July 10, 2015) (*citing Stout,* 454 F.3d at 1055-56).

The ALJ's erroneous rejection of the medical opinions was not harmless. When an ALJ ignores or improperly discounts significant and probative evidence in the record favorable to a claimant's position, such as an opinion from an examining or treating doctor, the ALJ "thereby provide[s] an incomplete residual functional capacity [RFC] determination." *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). When the RFC is incomplete, the hypothetical question presented to the vocational expert relied on at step five is incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." *See id.* at 1162. The ALJ's improper rejection of the medical opinions resulted in an RFC that does not necessarily account for all of plaintiff's impairments. This directly impacts the disability determination as the ALJ's step five conclusions is no longer supported by substantial evidence. Therefore, the error is harmful and requires reversal.

The Court has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. A determination of the claimant's credibility relies in part on the assessment of

the medical evidence. *See* 20 C.F.R. § 404.1529(c).  Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).  After determining the ALJ made a harmful legal error, the Court must "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and 'all essential factual issues have been resolved.'" *Dominguez v. Colvin*, No. 13-17380, 2015 WL 8600040, at *3 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).  Here, the record is not free from conflicts and outstanding issues must be resolved. *See id*.

Additional proceedings are necessary to reconsider the medical evidence and determine the correct RFC. It is the job of the ALJ, not this Court, to consider how

plaintiff's impairments affect the formulation of the RFC. *Dominguez, supra*, 2015 WL 8600040, at *5 12. 20 C.F.R. § 416.927(d)(2).

Additionally, "the record as a whole creates serious doubt that [plaintiff] is, in fact, disabled." *Garrison, supra*, 759 F.3d at 1021.  Plaintiff provided significantly contradictory evidence of her drug history to various providers throughout the record. Sometimes she made no mention of her drug history (AR. 469, 737-54). Sometimes she admitted both opioid and methamphetamine abuse (AR. 561, 655, 565). Other times she reported opioid abuse but omitted methamphetamine use (AR.448, 457, 836 ). Still other times she alleged only one use of methamphetamines (AR. 447, 655), but occasionally admitted more significant usage (AR. 408, 566). This history of dishonest reporting about substance abuse raises questions about plaintiff's general credibility. Although this does not necessarily mean that she is not disabled, it raises doubt that requires further evaluation.  The proper remedy is remand to the ALJ for further proceedings.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 21st day of January, 2016.

J. Richard Creatura
United States Magistrate Judge